## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

     *Plaintiff,*

vs.

     Case No. 14-CR-40006-01

MARVIN EUGENE BERROTH, II,

     *Defendant.*

## MEMORANDUM AND ORDER

In April 2014, Petitioner Marvin Berroth ("Petitioner") pled guilty to possession of a firearm, pursuant to 18 U.S.C. § 922(g)(1). The Court sentenced Petitioner to sixty months imprisonment. Petitioner now brings this Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 31). In this motion, Petitioner contends that he received ineffective assistance of counsel. As will be explained below, the Court denies Petitioner's § 2255 claims and denies the motion without an evidentiary hearing.

### I.       Factual and Procedural Background

The facts surrounding Petitioner's judgment of conviction are as follows. On November 30, 2006, Petitioner was convicted of aiding and abetting and aggravated battery, felony offenses, in Riley County District Court. Petitioner's conviction was punishable by imprisonment exceeding one year.

On July 24, 2013, Detective Boeckman, who was assigned to the Special Investigations Unit of the Criminal Investigations Division of the Riley County Police Department, prepared an affidavit that requested authorization to search Petitioner's residence in Manhattan, Kansas, to search for illegal drugs and drug-related items. On July 24, 2013, a Kansas state judge signed the search warrant. That same day, Detective Boeckman, along with several other officers in the Riley County Police Department, executed the search warrant at Petitioner's home in Manhattan. During the search, officers found illegal drugs, drug paraphernalia, four firearms, and ammunition. Because Petitioner had previously been convicted of a felony, he was prohibited from possessing firearms by federal law.

On January 22, 2014, a grand jury indicted Petitioner on two counts: (1) felon in possession of four firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and (2) possession of a firearm that had a removed, obliterated, or altered serial number in violation of 18 U.S.C. § 922(k). Petitioner initially entered a plea of not guilty.

On April 11, 2014, Petitioner, however, entered into a Plea Agreement. He pled guilty to Count 1 of the Indictment, admitting that he possessed the four firearms. On July 11, 2014, the Court sentenced Petitioner to sixty months imprisonment. Petitioner did not appeal his conviction or sentence to the United States Court of Appeals for the Tenth Circuit.

On June 8, 2015, Petitioner filed this Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. In his motion, Petitioner argues that his conviction should be set aside because he received ineffective assistance of counsel. He raises four issues. First, he contends that his counsel should have argued that the search warrant lacked probable cause. Second, he states that his counsel was ineffective because he should have argued that Petitioner did not possess the firearms. Third, Petitioner asserts that his counsel was ineffective because his

counsel did not argue that (a) the Gun Control Act of 1968 was inapplicable to Petitioner because he was born prior to its enactment; (b) under the Second Amendment, Petitioner had the absolute right to possess firearms; and (c) Petitioner had the right to possess firearms because the state of Kansas had given him back his voter rights after his previous conviction. Finally, Petitioner contends that his counsel was ineffective because Petitioner's "5th, 6th, and 14th amendments" were violated.  As discussed below, based on a review of the record, the Court finds Petitioner's grounds for error to be without merit.

## II.      Legal Standard

Under 28 U.S.C. § 2255(a),

> a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

According to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts,

> the judge who receives the motion must properly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . . If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

The court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[1]   The

---

[1] 28 U.S.C. § 2255(b).

petitioner must allege facts that, if proven, would warrant relief from his conviction or sentence.[2]
An evidentiary hearing is not necessary where a § 2255 motion contains factual allegations that
are contradicted by the record, inherently incredible, or when they are conclusions rather than
statements of fact.[3]

### III.    Analysis

As an initial matter, the United States concedes and agrees that Petitioner's § 2255
motion is timely because it was filed within one year of his conviction. As noted above,
Petitioner asserts four grounds as to why his conviction should be vacated, and all issues are
related to allegedly ineffective assistance of counsel. The United States argues that Petitioner
cannot successfully demonstrate an ineffective assistance counsel claim. The Court will address
each of Petitioner's four arguments below.

### A.  Ground One

In his first assignment of error, Petitioner argues that his attorney was ineffective because
he failed to argue that the search warrant was lacking in probable cause. More specifically,
Petitioner argues that there was no nexus connecting a controlled buy in February at his home in
Ogden, Kansas, to the search of his residence in Manhattan, Kansas, four months later in July.
He thus asserts that there was no probable cause to search the residence in Manhattan.
Petitioner's argument is without merit.

---

[2] *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995), *overruled in part on other grounds by Daniels v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001).

[3] *See id*. (stating that "the allegations must be specific and particularized, not general or conclusory"); *see also United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims that were merely conclusory in nature and without supporting factual averments).

In general, to succeed on a claim of ineffective assistance of counsel, a petitioner must meet the two-prong test set forth in *Strickland v. Washington*.[4]   Under *Strickland*, a petitioner must prove that: (1) his counsel's representation was constitutionally deficient because it fell below an objective standard of reasonableness, and (2) the deficiency prejudiced the petitioner because it deprived him of the right to a fair trial.[5]   To prevail on the first prong, a petitioner must demonstrate that the omissions of his counsel fell "outside the wide range of professionally competent assistance."[6]   This standard is "highly demanding."[7]   Strategic or tactical decisions on the part of counsel are presumed correct, unless they were " 'completely unreasonable, not merely wrong, so that [they] bear no relationship to a possible defense strategy.' "[8]   The reasonableness of the challenged conduct must be evaluated from counsel's perspective at the time of the alleged error.[9]   "[E]very effort should be made 'to eliminate the distorting effects of hindsight.' "[10]

With regard to the second prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[11]   "A reasonable probability is a probability sufficient to undermine confidence

---

[4] 466 U.S. 668 (1984).

[5] *Id*. at 687-88.

[6] *Id*. at 690.

[7] *Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986).

[8] *Fox v. Ward*, 200 F.3d 1286, 1296 (10th Cir. 2000) (quoting *Hatch*, 58 F.3d at 1459).

[9] *See Edens v. Hannigan*, 87 F.3d 1109, 1114 (10th Cir. 1996).

[10] *Id*. at 1114 (quoting *Strickland*, 466 U.S. at 689).

[11] *Strickland*, 466 U.S. at 694.

in the outcome."[12]  This requires the court to focus on "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair."[13]  In cases where a petitioner pleads guilty, the Supreme Court has held that prejudice can only be shown if there is "a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial."[14]  Courts reviewing an attorney's performance must exercise deference, as "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[15] A failure to prove one of the *Strickland* prongs is dispositive to a petitioner's claim, and a court may dispose of either the first or second prong, whichever is easier to resolve.[16]

When the basis of Petitioner's claim is his counsel's alleged failure to raise an issue, the Court must first look to the merits of the omitted issue.[17]  "If the omitted issue is without merit, then counsel's failure to raise it is not prejudicial, and thus is not ineffective assistance."[18]

To determine whether probable cause supports a search warrant, the court "assess[es] the sufficiency of a supporting affidavit based on the totality of the circumstances."[19] Probable cause exists "when the supporting affidavit sets forth sufficient facts that would lead a prudent person to believe that a search of the described premises would uncover contraband or evidence of a

---

[12] *Id.*

[13] *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993) (citing *Strickland*, 466 U.S. at 687).

[14] *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

[15] *Strickland*, 466 U.S. at 690.

[16] *United States v. Orange*, 447 F.3d 792, 796-97 (10th Cir. 2006) (citations omitted).

[17] *Id.* at 797.

[18] *Id.* (citing *Jones v. Gibson*, 206 F.3d 946, 959 (10th Cir. 2000).

[19] *United States v. Cantu*, 405 F.3d 1173, 1176 (10th Cir. 2005) (citation omitted).

crime."[20] Reviewing courts give great deference to the judge who reviewed the supporting affidavit and made the probable cause determination.[21] "Probable cause undoubtedly requires a nexus between the suspected criminal activity and the place to be searched."[22]

In this case, Detective Boeckman's July 24, 2013, affidavit stated the following facts relating to approximately twenty months of monitoring Petitioner. In November 2012, officers arrested another individual for drug possession. In executing a search warrant on that individual's phone, officers found multiple text message communications involving the sale of drugs between the individual and Petitioner. In January 2013, Detective Boeckman received confidential information about multiple individuals, including Petitioner, selling methamphetamine. On February 12, 2013, Petitioner sold methamphetamine to Detective Boeckman (acting undercover) from a house in Ogden, Kansas. In June 2013, officers stopped Petitioner in Manhattan, Kansas, for a traffic violation and found drug paraphernalia, including a digital scale, black gel capsules, and clear gel capsules containing white powder. On June 24, 2013, Detective Boeckman drove by Petitioner's residence located at 818 Smith in Manhattan, Kansas, and observed the vehicle of a known drug distributor and user of methamphetamine (Robert Beattie) parked in the driveway. On July 5, 2013, Detective Boeckman observed Beattie leave Petitioner's residence. After leaving Petitioner's residence, Beattie committed a traffic violation and was pulled over. When Beattie was pulled over, he was in possession of methamphetamine and drug paraphernalia. On July 8, 2013, officers obtained a search warrant for the data in Beattie's cell phone. Beattie communicated about drug transactions with

---

[20] *United States v. Rowland*, 145 F.3d 1194, 1204 (10th Cir. 1994) (citation omitted).

[21] *Id.*

[22] *United States v. Corral-Corral*, 899 F.2d 927, 937 (10th Cir. 1990) (citation omitted).

Petitioner's number.  On July 11, 2013, officers interviewed a woman who stated that she had obtained methamphetamine from Petitioner within the last week and approximately ten to twelve times within the last year. On July 17, 2013, an officer interviewed another individual who stated that he had obtained methamphetamine with Petitioner from their supplier approximately two to three weeks ago. Finally, Detective Boeckman avers in the affidavit that based on his training and experience in the field of drug trafficking, it was common for drug traffickers to store proceeds and records within their residence.

Here, the affidavit sets forth sufficient facts for a reasonable person to believe that a search of Petitioner's residence would likely uncover evidence or contraband. The affidavit provides a nexus between the drug activity and Petitioner's residence, and the drug trafficking appears to have been ongoing over the course of numerous months.[23] There are multiple statements of fact relating to Petitioner's involvement in the sale of drugs, and there are multiple instances in which a known drug distributor visited Petitioner's house in Manhattan. Indeed, in one of those instances, the individual was pulled over after leaving Petitioner's house, and authorities found drugs in his vehicle. The affidavit also contains Detective Boeckman's statement that based upon his training, it was common for drug traffickers to keep records at their houses.[24] Thus, the state judge reasonably concluded that probable cause existed to issue a

---

[23] To the extent that Petitioner argues that the four months between the Ogden, Kansas, controlled buy and the search of his Manhattan, Kansas, residence in July renders the information stale, the Court disagrees. In this case, Petitioner fails to note the other drug activities observed during this four-month timeframe. "[W]here the affidavit recites facts indicating ongoing, continuous criminal activity, the passage of time becomes less critical." *United States v. Shomo*, 786 F.2d 981, 984 (10th Cir. 1986).

[24] *See United States v. Mathis*, 357 F.3d 1200, 1205 (10th Cir. 2004) (noting that the judge issuing the warrant can give consideration to a law enforcement agent's opinion that evidence of illegal activity will be found at the place to be searched because this information is based upon the law enforcement officer's professional expertise).

warrant to search Petitioner's home. Based upon this evidence, there were no reasonable grounds upon which counsel could have challenged the probable cause underlying the search warrant affidavit. Thus, Petitioner cannot establish that his counsel's performance was deficient or prejudicial. Accordingly, Petitioner's first ground under § 2255 is without merit.

### B.  Ground Two

With regard to ground two, Petitioner argues that his counsel was ineffective because his counsel did not raise the defense that he did not possess the firearms. He contends that he was staying at his mother's house and the guns were locked inside a gun cabinet for which he had no keys. Thus, he contends that his counsel should have argued that he did not possess the firearms.

As noted above, when the basis of Petitioner's claim is his counsel's alleged failure to raise an issue, the Court must look at the merits of the omitted issue.[25]  "If the omitted issue is without merit, then counsel's failure to raise it is not prejudicial, and thus is not ineffective assistance."[26] And to succeed on a claim for ineffective assistance of counsel, a petitioner must show both that his counsel's representation fell below an objective standard of reasonableness *and* prejudice.[27]

Possession of a firearm may be either actual or constructive.[28]  "Constructive possession exists when a person knowingly holds the power and ability to exercise dominion and control over a firearm."[29]  Proximity alone is insufficient to demonstrate possession in joint occupancy

---

[25] *Orange*, 447 F.3d at 797.

[26] *Id*. (citing *Jones*, 206 F.3d at 959).

[27] *Strickland*, 466 U.S. at 690.

[28] *United States v. Jameson*, 478 F.3d 1204, 1209 (10th Cir. 2007).

[29] *Id*. (quotation marks and citation omitted).

cases.[30] Instead, there must be evidence "to show some connection or nexus between the defendant and the firearm."[31] In joint occupancy cases, the government must "point to evidence plausibly supporting the inference that the defendant had knowledge of and access to the firearm."[32]

Petitioner contends that he did not have access to the firearms because they were locked in a closet for which he did not have a key. This factor alone is irrelevant. In constructive possession cases, the relevant question is the defendant's knowledge of and access to the firearm. In *United States v. King*,[33] the Tenth Circuit found that the defendant had constructive possession over a firearm found in his girlfriend's vehicle's locked trunk. Although the defendant was in the parking lot and not in the vehicle at the time the firearm was found, the Tenth Circuit noted that the defendant had the ability to exercise control over the firearm.[34] An important factor was the defendant's relationship with his girlfriend. The circuit reasoned that the defendant could have simply asked her for the key to the trunk.[35]

In addition, in *United States v. Rivers*,[36] the Tenth Circuit concluded that there was sufficient evidence of the defendant's access to a firearm even though the firearm was located in a locked locker. Although this opinion is unpublished, its reasoning is instructive in this case. The Tenth Circuit reasoned that although the lockers were locked and the defendant did not

---

[30] *Id.*

[31] *Id.* (citation omitted).

[32] *United States v. King*, 632 F.3d 646, 651 (10th Cir. 2011) (quotation omitted).

[33] *Id.*

[34] *Id.* at 652-53.

[35] *Id.* at 653.

[36] 355 F. App'x 163 (10th Cir. 2009).

possess a key to those lockers at the time of his arrest, the evidence demonstrated that the locker could easily be opened by something other than a key, such as a screwdriver that was present in the building.[37]

In this case, the evidence provided to Petitioner's counsel included a three-page report from Detective Weiszbrod of the Criminal Investigations Division of the Riley County Police Department.   This report provided that Petitioner's mother stated that Petitioner lived in the basement of the residence, and she rarely accessed the basement.[38] Petitioner's mother also stated that the firearms in the basement were Petitioner's, that these firearms used to belong to Petitioner's now deceased father, and that she did not know the type of firearms. The report also provided that ammunition was located throughout the basement, and the firearms were located in an easily accessible storage room in the basement.

The Court notes that the evidence does *not* indicate that these firearms were found in a locked closet. Instead, Detective Weiszbrod's report states that the firearms were located in an easily accessible storage room in the basement. But even if the firearms were in a locked closet, as Petitioner contends, it is reasonable to conclude that Petitioner could access the firearms simply by asking his mother for the key. In addition, the evidence demonstrates that Petitioner lived in the basement, and Petitioner's mother stated that the firearms were Petitioner's. Accordingly, the evidence demonstrates that Petitioner had knowledge of the firearms, and they were easily accessible. Petitioner's counsel could reasonably conclude that this evidence demonstrated constructive possession and that a judge or jury would reject Petitioner's defense

---

[37] *Id.* at 165-66.

[38] Although Petitioner contends that the search occurred at his mother's residence, the record indicates that Petitioner lived at this residence.

that he did not have possession of the firearms. Thus, Petitioner's argument that he did not have possession of these firearms fails.

It also appears that Petitioner asserts that his counsel should have defended against the felon in possession charge by arguing that he did not possess firearms "in or affecting commerce" as required by 18 U.S.C. § 922(g). "To obtain a conviction under § 922(g)(1), the government must establish three elements beyond a reasonable doubt: (1) the defendant was previously convicted of a felony; (2) the defendant thereafter knowingly possessed a firearm; and (3) the possession was in or affecting interstate commerce."[39] With regard to the third element, the government simply has to demonstrate that "the firearm has traveled across state lines in the past."[40] Here, the United States provided evidence to Petitioner's counsel demonstrating that each of the four firearms had crossed state lines. Accordingly, there were no reasonable grounds upon which Petitioner's counsel could have argued that the firearms did not affect interstate commerce.

Petitioner's argument that he did not have factual or legal possession of the firearms is erroneous. Thus, Petitioner cannot establish that his counsel's performance was deficient or prejudicial. Accordingly, Petitioner's second ground under § 2255 is without merit.

## C.  Ground Three

Petitioner brings three issues under his third claim for ineffective assistance counsel. All of these issues relate to counsel's alleged failure to bring up a particular defense. As noted above, if an omitted issue does not have merit, then counsel did not provide ineffective assistance

---

[39] *United States v. Taylor*, 113 F.3d 1136, 1144 (10th Cir. 1997) (citation omitted).

[40] *United States v. Urbano*, 563 F.3d 1150, 1155 (10th Cir. 2009).

because his failure to raise the issue was not prejudicial.[41] Thus, the Court will consider whether any of Petitioner's alleged defenses have merit to them.

### 1. *Gun Control Act*

Petitioner contends that his counsel should have argued that the Gun Control Act of 1968 was inapplicable to Petitioner. He argues that he was born in 1966, and a "grandfather clause" in the Gun Control Act of 1968 exempted him from its applicability to him. "The very structure of the Gun Control Act demonstrates that Congress did not intend merely to restrict interstate sales but sought broadly to keep firearms away from the persons Congress classified as potentially irresponsible and dangerous."[42] One of the nine classes of individuals includes felons.[43]

Petitioner does not direct the Court to any law or authority that the Gun Control Act of 1968 included an exemption for individuals who were born prior to its enactment. He does not cite to any provision of the Gun Control Act. Petitioner fails to direct the Court to any possibility that Petitioner's argument would have been meritorious had it been raised. Thus, there was no reasonable ground for Petitioner's counsel to assert this argument. Accordingly, the Court finds that Petitioner's counsel's performance was not deficient or prejudicial with regard to this issue.

### 2. *Second Amendment*

Petitioner next appears to argue that his counsel should have argued that Petitioner possessed an unqualified right under the Second Amendment to have a firearm. He claims that

---

[41] *Strickland*, 466 U.S. at 690.

[42] *Barrett v. United States*, 423 U.S. 212, 218 (1976).

[43] *See* 18 U.S.C. § 922(g)(1); *see also United States v. Huitron-Guizar*, 678 F.3d 1164, 1166 (10th Cir. 2012).

the Second Amendment secures his constitutional right to possess a firearm even if he has a previous felony conviction.  Petitioner is wrong.

The Second Amendment grants an individual a right to possess a firearm, particularly in the case of self-defense.[44] This right to possess a firearm, however, is not without boundaries.[45] Indeed, "longstanding prohibitions on the possession of firearms by felons," such as the prohibition in § 922(g)(1), is one such boundary.[46]  Here, Petitioner is a convicted felon, and he falls under § 922(g)(1).  Accordingly, Petitioner did not have an unqualified right to possess a firearm, and the Second Amendment was not violated in obtaining his conviction. The Court finds that the failure of Petitioner's counsel to raise this unmeritorious argument was not deficient or prejudicial.

### 3.  Right to Possess a Firearm in Kansas

Finally, Petitioner contends that his counsel should have argued that because Petitioner's voter rights in Kansas had been restored, his right to possess a firearm was also restored.[47] The evidence and law demonstrates that this argument is meritless. The statute upon which Petitioner was convicted, § 922(g)(1), provides that it shall be unlawful for any person to possess a firearm if that person "has been convicted in any court of, a crime punishable by imprisonment for a term

---

[44] *See District of Columbia v. Heller*, 554 U.S. 570, 592 (2008) (discussing U.S. Const. amend. II).

[45] *Id.* at 626.

[46] *Id.; see also United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009) (rejecting petitioner's claim that § 922(g) was unconstitutional and violated the Second Amendment).

[47] To the extent that Petitioner claims that Kansas *should have* restored his gun rights when his voting rights were restored, the Court will not address Petitioner's argument. Petitioner has not even provided evidence that his voting rights were restored. And the argument that Kansas should have restored his gun rights is irrelevant.

In addition, it appears that Petitioner argues that Kansas cannot put a lifetime ban on a person's right to bear firearms once a person has completed their commitment to the state.  The Court notes that Kansas's statute does not impose a lifetime ban. Instead, it imposes a five or ten-year prohibition depending on the type of the previous conviction. *See, e.g.* K.S.A. § 21-6304(a)(2)-(3)(A). Nevertheless, Petitioner's argument is irrelevant.

exceeding one year." Section 921(a)(20) defines what constitutes as a qualifying conviction and provides:

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

For purposes of § 921(a)(20), an individual's civil rights have been restored under state law if the state has restored the individual's right to possess firearms.[48]  In Kansas, release from parole or imprisonment "shall have the effect of restoring all civil rights lost by operation of law."[49] The restoration of these civil rights includes eligibility to "hold any public office . . . , register as a voter or to vote in any election . . . , or to serve as a juror in any civil or criminal case."[50]  In Kansas, however, "release from parole or imprisonment does not automatically restore the right to possess a firearm."[51] Instead, the right to possess a firearm upon release is governed by K.S.A. § 21-6304, Kansas's statute criminalizing possession of firearms by convicted felons.

In this case, Petitioner was convicted of aiding and abetting under K.S.A. § 21-3205 and aggravated battery under K.S.A. § 21-3414 in 2006.[52]  K.S.A. § 21-6304(a)(3)(A) imposes a ten year ban on possession of a firearm if an individual was convicted under K.S.A. § 21-3414 (prior

---

[48] *United States v. Baker*, 508 F.3d 1321, 1328 (10th Cir. 2007) (citation omitted); *see also United States v. Baer*, 235 F.3d 561, 563 (10th Cir. 2000) (noting that to establish a full restoration of civil rights for purposes of § 921(a)(20), "a defendant must show that his rights to vote, serve on a jury, hold public office, and possess firearms have all been restored.").

[49] K.S.A. § 22-3722.

[50] K.S.A. § 21-6613(a)-(b)).

[51] *Baker*, 508 F.3d at 1328.

[52] *See* Petitioner's 2006 Kansas Sentencing Guidelines Journal Entry of Judgment, Doc. 35-1, p. 20. These statutes have subsequently been repealed and recodified.

to its repeal). Petitioner's conviction occurred on November 30, 2006. Thus, he was prohibited from possessing a firearm until November 30, 2016. The current offense occurred on July 26, 2013. Thus, Petitioner did not have the right under Kansas law to possess a firearm on that date. Indeed, he was prohibited from possessing a firearm under Kansas law. Accordingly, the Court finds that Petitioner's counsel could not have raised the argument that Petitioner's gun right had been restored under Kansas law, and therefore Petitioner's counsel did not provide ineffective assistance of counsel.

### D.  Ground Four

With regard to Petitioner's last assignment of error, he simply states that his attorney was ineffective and violated the 5th, 6th, and 14th amendments. Petitioner fails to support this contention with any evidence, argument, or legal authority. Thus, the Court finds this contention meritless.

### IV. Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the petitioner.  A court may only grant a COA "if the applicant has made a substantial showing of the denial of a constitutional right."[53]  A petitioner satisfies this burden if " 'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.' "[54]  For the reasons

---

[53]   28 U.S.C. § 2253(c)(2).  The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issue a COA.  *See* 28 U.S.C. § 2253(c)(1).

[54]   *Saiz v Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v Dretke*, 524 U.S. 274, 282 (2004)).

explained above, Petitioner has not made a substantial showing of the denial of a constitutional right.  Therefore, the Court denies a COA.

**IT IS THEREFORE ORDERED** that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (Doc. 31) is hereby **DENIED.**

**IT IS SO ORDERED**.

Dated this 23rd day of September, 2015.


ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE